## B. WENTWORTH *v.* SHIP REALM, MASTER AND OWNERS.

Where the shipper of goods took a bill of lading with the endorsement upon the margin "*weight and contents unknown*," and on the arrival of the vessel at New Orleans they were condemned by the Port Warden to be sold as damaged goods—*Held* :   That under such a bill of lading, the common carrier has complied with his contract when he has delivere[d] the box externally in good order and condition, and the burden of proof rests on the consignee to show that the contents of the box were in good order and condition at the time of the shipment.

A
PPEAL from the Fourth District Court of New Orleans, *Price*, J. *Benjamin*, *Bradford & Finney*, for plaintiff.   *G. P. McPheeters*, for defendants and appellants.

MERRICK, C. J.   This case presents a question as to the burden of proof.

*Douglass* and *Sherwood*, of New York, shipped by the Realm three cases of merchandise, Nos. 62, 63 and 64, to the plaintiff in this city.   The bill of lading had this endorsement upon the margin, "Weight and contents unknown," signed "*Robson & Fosdick.*"

The ship in her passage out did not meet with bad weather, and there was no appearance on any portion of the cargo of stains by salt water, and no complaint made by any of the consignees except by the plaintiff, and then only for damage to the contents of box No. 63, which contained hoop-skirts which were stained and rusty.

The proof on one side shows that the box was made of poplar or pine ; that it was delivered, so far as its external appearance indicated, in good condition, and received without objection ; that it was not stained ; and that salt water always stains wood of a dark color.   On the other side it was shown that the *box tasted* of salt water when opened at the plaintiff's store, and the *hoop skirts* were stained and rusty ; that they were condemned by the Port Wardens to be sold as goods damaged by *contact with* salt water ; that the hoop skirts, if merchantable, would have been worth $556 ; that they sold in their damaged condition for only $201 74 net.

There was no proof of the condition of the merchandise when placed in the case in New York, and the plaintiff having had judgment in the lower Court for the difference between a sound article and the damaged goods, the defendant appeals and makes the point here, that the burden of proof was upon the plaintiff (under the bill of lading and the proof) to show that the contents of the box were uninjured when shipped.

We are of the opinion that the objection is well taken.   Under a bill of lading in this form, we think the common carrier has complied, *prima facie*, with his contract when he has delivered the box externally in good

order and condition. Where this appears, the consignee must show, in order to recover, that the contents of the box which were not exhibited to the carrier were also in good order and condition ; for as the box was delivered in the same order as received by the carrier, and as he affirmed in his bill of lading nothing in regard to the contents of the box shipped, no presumption can arise against him from the condition of the goods which possibly may have been damaged and packed in a box giving no indication of its contents. See Abbott on Shipping, 338, No. 9, and *Thomas* v. *Ship Morning Glory*, 13 An. 269.

But as this is the first time in which this question has been presented to this Court for adjudication, we think that justice requires that the case should be remanded in order to enable the plaintiff to produce further proof, if such he have.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be avoided and reversed; and it is further ordered, that this case be remanded to the lower Court for a new trial; the plaintiff and appellee paying the costs of the appeal.